UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) ) | |
| v. | ) ) | Criminal Case No. 21-00222 (TFH) |
| **GEORGE PIERRE TANIOS,** | ) ) | |
| **Defendant.** | ) ) ) | |

### MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant George Pierre Tanios's Motion to Seal [ECF No. 38], in which he requests leave to file his Motion to Modify Bond Conditions ("Bond Conditions Motion") under seal. For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** the Defendant's Motion to Seal. The Court will **ORDER** the Defendant to file an appropriately redacted version of the Bond Conditions Motion consistent with this Opinion.

**I.   DISCUSSION**

The D.C. Circuit has long "acknowledge[d] an important presumption in favor of public access to all facets of criminal court proceedings." *U.S. v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir. 1980). This "common law tradition of public access to records of a judicial proceeding… serves the important functions of ensuring the integrity of judicial proceedings in particular and of the law enforcement process more generally." *Id*. at 314-15. The right to access judicial records may only be overcome where "competing interests…outweigh the strong presumption favoring disclosure." *Lee v. Seed Pub. Charter Sch.*, 18-cv-2786 (CKK), 2021 WL 4819897, at *1 (D.D.C. Oct. 15, 2021) (citing *Cable News Network v. Fed. Bureau of Investigation*, 984 F.3d 114, 118 (D.C. Cir. 2021)). The *Hubbard* court provided a six-factor test to assess the

competing interests in a given case that may weigh against the strong presumption of public disclosure. *Hubbard*, 650 F.2d at 317–22. Those factors are: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings. *See id*. "Under the Hubbard test, a seal may be maintained only if the district court, after considering the relevant facts and circumstances of the particular case, and after weighing the interests advanced by the parties in light of the public interest and the duty of the courts, concludes that justice so requires." *In re Leopold*, 964 F.3d 1121, 1131 (D.C. Cir. 2020) (citation omitted).

The Court must therefore undertake a two-prong test in assessing the instant Motion to Seal. First, the Court must determine whether the Bond Conditions Motion is a "judicial record" subject to the presumption of public access. If the Court determines the Bond Conditions Motion is a judicial record, it must then proceed to analyze the *Hubbard* factors.

**A.   The Bond Conditions Motion Is A "Judicial Record."**

As noted above, the presumption of public access applies to "judicial records." The Court therefore must first find that the Bond Conditions Motion is a judicial record to which the presumption applies. "[W]hether something is a judicial record depends on the role it plays in the adjudicatory process." *SEC v. Am. Int'l Group*, 712 F.3d 1, 3 (D.C. Cir. 2013). This Circuit has consistently held that "[i]f the goal in filing a document is to influence a judge's decisionmaking, the document is a judicial record." *CNN v. FBI*, 984 F.3d at 118.

Here, the Bond Conditions Motion is a "judicial record." The Defendant seeks the Court's permission to modify the current terms of his release on bond and provides certain reasons that, in his view, support the proposed modifications. The Bond Conditions Motion is clearly meant to "influence [the] judge's decisionmaking" as to the terms of the Defendant's release on home incarceration. *Id.*; *Metlife. v. Fin. Stability Oversight Council*, 865 F.3d 661, 667 (D.C. Cir. 2017) ("To affect the court's decision, after all, is the reason parties file briefs."). It is therefore a judicial record.

### B. With the Exception of Specific Medical Appointment Information, the *Hubbard* Factors Weigh In Favor of Disclosure.

Having determined that the Bond Conditions Motion is a judicial record, a "strong presumption in favor of public access" applies. *Leopold*, 964 F.3d at 1127. The Court now turns to the Defendant's Motion to Seal and evaluates it in light of the *Hubbard* factors.

In a single paragraph, the Defendant seeks leave to file his Bond Conditions Motion under seal "based upon the personal and confidential nature of **some** of the information contained herein." Mot. to Seal at 1 (emphasis added). The Defendant does not state which information he believes to be personal and confidential. As a threshold matter, based on the Defendant's assertion, only "some"—but not all—of the information contained in the Bond Conditions Motion is confidential or personal. Further, upon review of the content and in consideration of the *Hubbard* factors, this Court is not persuaded by the Defendant's request to summarily seal the entirety of the Bond Conditions Motion.

#### 1. The Need for Public Access

The Court begins with the first *Hubbard* factor: "the need for public access to the documents at issue." *Hubbard,* 650 F.2d at 318. "Public access to judicial records is 'fundamental to a democratic state' and 'serves the important functions of ensuring the integrity

of judicial proceedings in particular and of the law enforcement process more generally.'" *Zapp v. Zhenli Ye Gon*, 746 F.Supp.2d 145, 148 (D.D.C. 2010) (quoting *Hubbard*, 650 F.2d at 315 & n. 79). The Court finds that this factor weighs heavily in favor of disclosure, with the exception of specific details regarding two personal medical appointments. The public has an interest in accessing materials related to changes in a criminal defendant's terms of release in order to "allow the public to understand the [court's] rulings as well as the contours of the disputes between the parties." *Hyatt v. Lee*, 251 F. Supp. 3d 181, 184 (D.D.C. 2017). Indeed, as other courts in this District have recognized, the cases involving the "violent challenge to a constitutionally mandated process is of deep national importance and public interest both as to the offense conduct and individuals involved, and the efforts of federal law enforcement agents, prosecutors and the courts in handling the cases arising out the events on January 6th." *U.S. v. Jackson*, No. CR 21-MJ-115, 2021 WL 1026127, at *6 (D.D.C. Mar. 17, 2021).

The Court therefore finds that this factor weighs heavily in favor of disclosure, with the exception of details, including the date, time, location, and nature of two specific medical appointments.[1] Private medical information is generally not subject to disclosure. *See Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016)(reversing district court's denial of motion to seal medical information where party had "strong privacy interest" in keeping the details confidential and "public ha[d] no need for access" to the information).

### 2. The Extent of Previous Public Access

"Previous [public] access is a factor which may weigh in favor of subsequent [public] access." *Hubbard*, 650 F.2d at 318. Much of the information referenced in the Bond Conditions

---

[1] For the avoidance of doubt, the Court is referring to the information in the second and third sentences of the third paragraph of the Defendant's Motion to Modify Bond Conditions. [ECF No. 38-1 at 1].

Motion is already available on the public docket.  For example, information regarding Mr. Tanios's current terms of release is available in the Order Setting Conditions of Release [ECF No. 35], and information pertaining to Mr. Tanios's family and business was included in the Defendant's briefing in support of his Motion to Review the Detention Order [ECF Nos. 19, 24]. The Defendant has offered no explanation as to why that information should now be sealed here. The Court therefore finds this factor weighs in favor of disclosure.

### 3. Identity of the Person Objecting to the Disclosure

Here, the only party objecting to the disclosure is the Defendant, rather than any third party.  While the objections of the Defendant "are noted, they do not have the same strength as a third-party objection."  *Hyatt v. Lee*, 251 F. Supp. 3d at 185; *see also Jackson*, 2021 WL 1026127, at *7 (finding that "[t]he only party to object here is the defendant, not any third party, [which] favors disclosure").  This factor weighs in favor of disclosure.

### 4. and 5.: The Strength of the Defendant's Asserted Privacy Interests and the Possibility of Prejudice

The Court considers *Hubbard* factors four and five together since the Defendant's broadly stated concern about *some* "personal and confidential" information contained in the Bond Conditions Motion forms the entire basis of the Defendant's Motion to Seal.  Given these factors are "interrelated," it is appropriate to evaluate them in tandem.  *See, e.g., Jackson*, 2021 WL 1026127, at *7 (evaluating factors four and five together where "defendant's privacy and prejudice-related interests are the basis for his objection to disclosure and request for sealing"); *Lee v. Seed Pub. Charter Sch.*, 2021 WL 4819897, at *4 (evaluating factors three, four, and five together).

The Court finds that the Defendant has a cognizable privacy interest in shielding the specific locations, dates, times, and nature of the two medical appointments referenced in the

Bond Conditions Motion from disclosure.  *See In re Fort Totten Metrorail Cases*, 960 F. Supp. 2d 2, 11 (D.D.C. 2013) (ordering disclosure of settlement agreements with redaction of medical information referenced therein because "[t]he public has little interest, if any, in [its] disclosure…while the [party] ha[d] a strong privacy interest in keeping this highly personal information sealed").  Further, while the Defendant has not stated any prejudice that would result from the disclosure of that information, it does not strain reality to conclude that information about the Defendant's specific whereabouts and medical needs at designated times may result in undue prejudice.  Given the public does not have a particular need for access to this information, the Court finds this factor weighs in favor of the nondisclosure of the medical appointment information.

As to the remainder of the information in the Bond Conditions Motion, some of which is already publicly filed, the Defendant has failed to articulate any specific privacy interest or risk of prejudice that would result from its disclosure.  Further, any attenuated risk of prejudice does not overcome the presumption of public access.  *See, e.g.*, *U.S. v. Torrens*, No. CR 21-204-2 (BAH), 2021 WL 4192048, at *6 (D.D.C. Sept. 15, 2021).

**6. The Purpose for Which the Bond Conditions Motion Is Introduced**

Under the sixth *Hubbard* factor, the Court must consider "the purposes for which the [document was] introduced during the judicial proceedings."  *Leopold*, 964 F.3d at 1131.  There is a "strong presumption of public access to documents that a litigant submits with the intention that the court will rely on them."  *U.S. v. All Assets Held at Bank Julius Baer & Co.*, 520 F. Supp. 3d 71, 85 (D.D.C. 2020).  Here, the Defendant seeks to submit the motion for the Court's consideration on the matter of modifying the terms of his release on bond.  The Defendant has not suggested that the documents may be used for any improper purpose.  Accordingly, this

6

factor weighs in favor of disclosure.  *See Jackson*, 2021 WL 1026127, at *8 (finding that "the final factor weighs heavily in favor of disclosure" where the exhibits "were introduced for the Court's consideration on the matter of detaining defendant").

In sum, the *Hubbard* factors weigh in favor of public disclosure of all information, aside from the medical appointment information.  For the information regarding his scheduled medical appointments, the Defendant's privacy interest outweighs the need for public access, if any.

## II.  CONCLUSION

For these reasons set forth in this Memorandum Opinion & Order, it is hereby:

**ORDERED** that the Defendant's Motion to Seal [ECF No. 38] is **GRANTED IN PART AND DENIED IN PART** as follows:

a. The Defendant's request to file the Motion to Modify Bond Conditions in its entirety under seal is **DENIED**;

b. The Defendant shall file by October 25, 2021, a copy of the Motion to Modify Bond Conditions on the public docket, redacting only the specific details regarding the Defendant's two scheduled medical appointments [ECF No. 38-1 at 1];

c. The Government's sealed Opposition to Defendant's Motion to Modify Bond Conditions [ECF No. 39] will be unsealed by the Court on October 25, 2021;

d. The unredacted copy of the Motion to Modify Bond Conditions shall be filed under seal with access to the sealed documents limited to counsel for the Defendant and the Government.

**SO ORDERED.**

Dated: October 21, 2021

THOMAS F. HOGAN
United States District Judge