UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Case No. 21-cr-222-02 (TFH) |
| GEORGE P. TANIOS, : | |
| : | |
| Defendant. : | |

## GOVERNMENT'S SUBMISSION OF ELEMENTS OF OFFENSE AND PROFFER OF EVIDENCE IN SUPPORT OF DEFENDANT'S PLEA OF GUILTY

Pursuant to Fed. R. Crim. P. 11, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and the defendant, George P. Tanios, with the concurrence of his attorney, agree and stipulate to the below factual basis for the defendant's guilty plea—that is, if this case were to proceed to trial, the parties stipulate that the United States could prove the below facts beyond a reasonable doubt:

*Proffer of Evidence*

**The Attack at the U.S. Capitol on January 6, 2021**

1. The U.S. Capitol, which is located at First Street, SE, in Washington, D.C., is secured twenty-four hours a day by U.S. Capitol Police (USCP). Restrictions around the Capitol include permanent and temporary security barriers and posts manned by USCP. Only authorized people with appropriate identification are allowed access inside the Capitol.

2. On January 6, 2021, the exterior plaza of the Capitol was closed to members of the public.

3. On January 6, 2021, a joint session of the United States Congress convened at the Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected

members of the United States House of Representatives and the United States Senate were meeting in the Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on Tuesday, November 3, 2020. The joint session began at approximately 1:00 PM. Shortly thereafter, by approximately 1:30 PM, the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

4. As the proceedings continued in both the House and the Senate, and with Vice President Pence present and presiding over the Senate, a large crowd gathered outside the Capitol. Temporary and permanent barricades, as noted above, were in place around the exterior of the Capitol, and USCP officers were present and attempting to keep the crowd away from the Capitol and the proceedings underway inside.

5. At approximately 2:00 PM, certain individuals in the crowd forced their way through, up, and over the barricades. Officers of the USCP were forced to retreat and the crowd advanced to the exterior façade of the building. The crowd was not lawfully authorized to enter or remain in the building and, prior to entering the building, no members of the crowd submitted to security screenings or weapons checks as required by USCP officers or other authorized security officials.

6. At such time, the certification proceedings were still underway, and the exterior doors and windows of the Capitol were locked or otherwise secured. Members of the USCP attempted to maintain order and keep the crowd from entering the Capitol; however, shortly after 2:00 PM, individuals in the crowd forced entry into the Capitol, including by breaking windows and by assaulting members of law enforcement, as others in the crowd encouraged and assisted

those acts. The riot resulted in substantial damage to the Capitol, requiring the expenditure of more than $1.4 million dollars for repairs.

7.  Shortly thereafter, at approximately 2:20 PM, members of the House of Representatives and of the Senate, including the President of the Senate, Vice President Pence, were instructed to—and did—evacuate the chambers. Accordingly, all proceedings of the United States Congress, including the joint session, were effectively suspended until shortly after 8:00 PM on January 6, 2021. In light of the dangerous circumstances caused by the unlawful entry to the Capitol—including the danger posed by individuals who had entered the Capitol without any security screening or weapons check—Congressional proceedings could not resume until after every unauthorized occupant had been removed from or left the Capitol, and USCP confirmed that the building was secured. The proceedings resumed at approximately 8:00 PM after the building had been secured. Vice President Pence remained in the Capitol from the time he was evacuated from the Senate Chamber until the session resumed.

### George P. Tanios' Participation in the January 6, 2021, Capitol Riot

8.  The defendant, George P. Tanios, lives in Morgantown, West Virginia. On January 6, defendant traveled from Morgantown to Washington, D.C., via automobile, accompanied by co-defendant Julian Khater. The purpose of the defendant's trip to Washington, D.C., was to protest Congress' certification of the Electoral College.

9.  On January 5, 2021, the defendant, preparing for his trip to Washington, D.C., purchased two cannisters of Frontiersman brand bear spray, and two additional cannisters of pepper spray. The defendant was in contact by cellular phone with his co-defendant, Julian Khater, prior to this purchase. The defendant provided one of the pepper spray cannisters to Julian Khater prior to arriving in Washington, D.C.

10. On January 6, defendant attended the "Stop the Steal" rally and then marched with other protestors and Julian Khater to the Capitol.

11. At 2:09 p.m., the defendant was walking on restricted grounds, from the south grassy area of the United States Capitol grounds toward the Lower West Terrace. Co-defendant Julian Khater was walking behind the defendant. After separating briefly, the defendant and co-defendant Khater reunited at approximately 2:14 p.m. near the police barricade near the steps on the south side of the Lower West Terrace. At approximately that time, co-defendant Khater reached his hand into the defendant's backpack and retrieved a white canister of bear spray.

12. While trespassing in the restricted grounds of the Capitol, the defendant encouraged other rioters, videotaped the rioters assaulting police, and thus engaged in disruptive conduct.

### Limited Nature of Proffer

13. This proffer of evidence is not intended to constitute a complete statement of all facts known by the government, but rather is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for defendant's plea of guilty to the charged offenses.

14. The defendant further agrees that he personally has read or had read to him all of the allegations in the indictment returned on March 17, 2021, in Case No. 21-cr-222 (TFH), and the discovery provided by the government, including discovery of his co-defendant. The defendant admits that he does not have information to dispute or disprove the allegations as set forth in the indictment against his co-defendant, Julian Khater, in any way.

### Elements of the Offense

15. George P. Tanios knowingly and voluntarily admits to all the essential elements of the charged offenses as listed below:

**Count One**

The essential elements of Count One, Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. Section 1752(a)(1) and (b)(2), of the Information, each of which the government must prove beyond a reasonable doubt to sustain a conviction, are:

1. The defendant entered or remained in a restricted building or grounds without lawful authority to do so; and

2. The defendant do so knowingly.

The term "restrictive building" means any posted, cordoned off, or otherwise restricted area of a building where a person protected by the Secret Service is or will be temporarily visiting.

The term "knowingly" means if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.

**Count Two**

The essential elements of Count Two, Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. Section 1752(a)(2) and (b)(2), each of which the government must prove beyond a reasonable doubt to sustain a conviction, are:

1. The defendant engaged in disorderly or disruptive conduct in, or in the proximity of to, any restricted building;

2. The defendant do so knowingly and with intent to impede or disrupt the orderly conduct of Government business or official function; and

3. The defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person. "Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of process.

The terms "restrictive building" and "knowingly" have the same meanings as described in the instructions of Count One.

### *Penalties for the Offense*

The penalties for Counts One and Two, a violation of 18 U.S.C. §1752(a)(1) and (a)(2) are the same as described below:

(A)   a term of imprisonment not more than one year;

(B)   a fine not to exceed $100,000;

(C)   a term of supervised not more than one year; and

(D)   a special assessment of $ 50.

Respectfully submitted,

Matthew M. Graves
United States Attorney
DC Bar No. 481052

By:   _____/s/_____
Gilead Light
D.C. Bar Number 980839
Gilead.light@usdoj.gov
Anthony Scarpelli
D.C. Bar No. 474711
Anthony.Scarpelli@usdoj.gov
Assistant United States Attorneys
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-6880 (Light)
(202) 252-7707 (Scarpelli)

## DEFENDANT'S ACKNOWLEDGMENT

I have read this factual proffer, understand it, and agree that it is true and accurate. While it is not a complete recitation of all that I did or all that I know, it represents some of my conduct and some of my knowledge concerning my own involvement in illegal activity. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 7/20/22

_____
George P. Tanios

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this factual proffer, reviewed them with my client, and discussed it with my client.

Date: 7/20/22

_____
Beth Gross, Esquire
Attorney for Defendant