UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    **Plaintiff,**

V.                                    CRIMINAL ACTION NO.: 1:21CR00222-002

**GEORGE PIERRE TANIOS,**

    **Defendant.**

## DEFENDANT'S SENTENCING MEMORANDUM

### I. INTRODUCTION

The Defendant, GEORGE PIERRE TANIOS, faces 0-6 months in prison under the Federal Sentencing Guidelines for two offenses: Entering or Remaining in a Residential Building or Grounds, under 18 USC §§ 1752(a)(1) and (b)(2), and Disorderly and Disruptive Conducted in a Restricted Building or Grounds, under 18 USC §§ 1752(a)(2) and (b)(2). Both crimes occurred on January 6, 2021, outside the U.S. Capitol Building. Mr. Tanios accepts responsibility in full for both offenses.

Today, Mr. Tanios is employed and lives an ordinary life with his family in Morgantown, West Virginia.[1] He has been fully compliant with the conditions of release and has had no further difficulties with law enforcement or the justice system. Mr. Tanios has minimal criminal history and did not have an aggravating role on January 6. Having served over five months in jail, Mr. Tanios respectfully requests that this Court impose a sentence of time served.

---

[1] To give this Court a better idea of Mr. Tanios's character and the family's lifestyle, the defense team produced a mitigation video in aid of sentencing in Mr. Tanios's home, which is available for viewing at https://youtu.be/dyFC8SN71qE.

1

## II.     BACKGROUND

The background of this case is extensive and well known to the parties and to this Court. It began as a complicated January 6 case with a ten-count Indictment. Yet, the parties reached a pretrial settlement.

On July 27, 2022, the Government filed a filed a two-count Superseding Information charging Mr. Tanios with Entering and Remaining in a Restricted Building or Grounds, in violation of 18 USC §§ 1752(a)(1) and (b)(2) (Count One) and Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 USC §§ 1752(a)(2) and (b)(2) (Count Two). On September 1, 2022, pursuant to a written plea agreement, Mr. Tanios entered pleas of guilty to these two misdemeanors.

The underlying facts are straightforward. Mr. Tanios lives in Morgantown, West Virginia. On January 6, 2021, codefendant Julian Khater drove from New Jersey to pick up Mr. Tanios in West Virginia, and they traveled to Washington, DC, to protest the certification of the Electoral College by Congress. On January 5, 2021, Mr. Tanios purchased two cannisters of Frontiersman bear deterrent and two additional cannisters of pepper spray. Mr. Tanios was in contact with Mr. Khater prior to this purchase. Mr. Tanios provided one of the pepper spray cannisters to Mr. Khater prior to arriving in Washington, DC.

On January 6, 2021, Mr. Tanios, Mr. Khater, and other protestors attended the "Stop the Steal" rally and then proceeded to the United States Capitol. At 2:09 p.m., Mr. Tanios was walking on restricted grounds, from the south grassy area of the United States Capitol grounds toward the Lower West Terrace. Mr. Khater was walking behind Mr. Tanios. After separating briefly, Mr. Tanios and Mr. Khater reunited at approximately 2:14 p.m. near the police barricade near the steps on the south side of the Lower West Terrace.

At approximately that time, Mr. Khater told Mr. Tanios, "Give me that bear shit," and then reached his hand into Mr. Tanios's backpack and retrieved a white canister of spray. Video surveillance showed United States Capitol Police (USCP) Officers B.S. and C.E., and Metropolitan Police Department (MPD) Officer D.C., who were standing within a few feet of Mr. Khater, all appear to react to being sprayed in the face by Mr. Khater. For his part, while trespassing in the restricted grounds of the Capitol, Mr. Tanios encouraged rioters, videotaped the rioters assaulting police, and, thus, engaged in disruptive conduct.

The Guidelines are reasonable here. There is no request for a downward variance and no request for probation. Having served over five months in jail, time served is appropriate. Still, undersigned counsel has identified four significant mitigating factors. There may be others, but it appears that Mr. Tanios's (1) family circumstances, (2) post-offense rehabilitation, (3) low risk of recidivism, and (4) acceptance of responsibility are the salient features of the case which this Court can and should consider at sentencing.

### III.   MEMORANDUM OF LAW

After *United States v. Booker*, 543 U.S. 220 (2005), sentencing courts must exercise their discretion to impose sentences that are "reasonable" when viewed in light of the purposes of federal sentencing -- retribution, deterrence, incapacitation and rehabilitation. A sentence is reviewed for reasonableness, applying an abuse of discretion standard. *Gall v. United States*, 128 S.Ct. 586, 597 (2007). The Court has the ability to impose a downward sentence and it will be upheld unless "it is unreasonable, even if the sentence would not have been the choice of the appellate court." *United States v. Evans*, 526 F.3d 155, 160 (4th Cir. 2008).

Yet, the "overarching instruction" of 18 U.S.C. § 3553(a) is to "'impose a sentence sufficient, but not greater than necessary,' to accomplish the goals of sentencing." *Kimbrough v.*

3

*United States*, 128 S. Ct. 558, 570 (2007). Section 3553(a) lists six goals of sentencing: "to reflect the seriousness of the offense," "to promote respect for the law," "to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," and "to provide the defendant with needed" training, medical care, or treatment. 18 U.S.C. § 3553(a)(2). To achieve those goals, sentencing courts must consider several factors, including "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the [guideline] range," "any pertinent policy statements," and "the need to avoid unwarranted sentence disparities among defendants." *Id*.

## IV. DISCUSSION

**1. Mr. Tanios's family circumstances.**

Mr. Tanios is an extremely family oriented defendant. Mr. Tanios was raised by his parents, in New Jersey. His parents were refugees who fled Lebanon in 1980, after the start of the Lebanese Civil War, which resulted in an exodus of almost one million people. His parents built a business, G & P Lebanese Restaurant, in downtown, New Brunswick, New Jersey, adjacent to the Middlesex County Courthouse. They ran this business and worked hard for over three decades to support Mr. Tanios and his siblings and send them to private schools.

In a short period of time, the Tanios family developed a very positive reputation in the community. Not only were they active members of the business community, they were also founding members of a local Maronite church, where Mr. Tanios was the first child to be baptized in 1981. Naturally, Mr. Tanios's childhood was devoid of any abuse, there were no drugs, and he never witnessed any domestic violence. During childhood, Mr. Tanios played with his siblings and cousins after school and attended church and youth group events each week. He

4

played football, basketball, soccer, and baseball during his teenage years. Also, Mr. Tanios helped in the family's restaurant where he developed his own work ethic.

In 2005, Mr. Tanios relocated to State College, Pennsylvania, to open his own restaurant. In 2006, Mr. Tanios moved to West Virginia to open another restaurant and he remained in West Virginia.

Mr. Tanios has never married, but he has been in a relationship with Ms. Amanda Plumley for twelve years. They were engaged in 2015, but they do not have a wedding date, due to this case. Mr. Tanios and Ms. Plumley live together in a small, but comfortable townhome in a typical residential neighborhood in Morgantown, West Virginia. They have three minor children.

Ms. Plumley, age 37, who worked with Mr. Tanios in the restaurant business for years, now cleans houses for a living. Mr. Tanios resells items on eBay from home and takes care of their children during the day. The children are healthy and doing well. Undersigned counsel has spent a considerable amount of time with Mr. Tanios and his family. It is obvious that his children, E.T., age 6, F.T., age 2, and C.T., age 2, love Mr. Tanios. Their favorite activities include going to the local park to play and, when the weather is warm, swimming in the pool in their neighborhood. Mr. Tanios reports that he an "amazing" relationship with his sons. We have interviewed several family members who all agree Mr. Tanios cares deeply about his family and works hard to support his children. Mr. Tanios has been described by Ms. Plumley and many others as a loving, caring father and partner.

For reasons that are self-evident, Mr. Tanios's family needs him at home. Additional prison time is unnecessary, and any separation would create a substantial hardship upon Ms.

Plumley and his children, which is something this Court can and should consider under 18 U.S.C. § 3553(a)(1).

  2. **Mr. Tanios's post-offense rehabilitation.**

  Mr. Tanios has demonstrated that he is rehabilitated and can comply with the law.  FBI agents arrested Mr. Tanios at his home on March 14, 2021.  This Court released him on personal recognizance on August 20, 2021.  Since then, Mr. Tanios participated in this Court's High Intensity Supervision Program.  Undersigned counsel confirmed with the supervising U.S. Probation Officer that Mr. Tanios has been fully compliant with the conditions of release.  Mr. Tanios attended all hearings before this Court.  He has cooperated with and remained in contact with undersigned counsel and the defense team.  Mr. Tanios has cared for his children and strengthened his relationship with Ms. Plumley.  He discovered new ways to work and support his family.  He started to exercise and lost weight.  He does not use drugs and he does not drink alcohol, but for a special occasion.  He has not had any difficulties with law enforcement.  It is evident that Mr. Tanios is leading a law-abiding life now, that he has the proper mindset and an appropriate respect for the law.  Accordingly, we submit that additional incarceration is not warranted because any necessary correction and rehabilitation have been successfully achieved. 18 U.S.C. § 3553(a)(2)(D).

  3. **Mr. Tanios's low risk of recidivism.**

  By any measure, Mr. Tanios presents a low risk of reoffending.  He is not a felon.  He has one criminal history point based upon a misdemeanor charge in West Virginia from 2010.  He has never been previously charged, much less convicted, of a crime of violence.  Mr. Tanios demonstrates a remarkable work ethic.  His professional experience is impressive.  For over a decade, he built businesses and employed people.  In this way, he served, developed, and

contributed to the community in Morgantown, West Virginia. As indicated, Mr. Tanios does not use controlled substances and rarely drinks alcohol. He has a stable home, a supportive family, and, even though his business closed during his incarceration, he is employed.

Indeed, Mr. Tanios has not lived a life of crime and there is nothing to suggest that he will offend again. Many friends, family members and business associates who know him well related during interviews that Mr. Tanios is an honorable person of good character. To date, Mr. Tanios has been punished though over five months of incarceration. This term of incarceration has been sufficient to deter Mr. Tanios and others who might consider engaging in similar misdemeanor offenses. Accordingly, additional incarceration would amount to a sentence which is greater than necessary given that, in essence, Mr. Tanios is a first-time offender and otherwise leads a normal and ordinary life. 18 U.S.C. § 3553(a)(2)(B) & (C).

**4. Mr. Tanios accepts responsibility.**

Contrition matters here. January 6, 2021, was a terrible and shocking day. The events of January 6 caused trauma and destruction. What's more, people died. Truly, the events of January 6 changed the course of our nation's history. Mr. Tanios was present and he committed two crimes, but he did not have a major role. For instance, he did not enter the U.S. Capitol building. He did not destroy property. He did not engage in violence. He did not assault law enforcement officers and he did not plan to do so.

Still, Mr. Tanios fully recognizes the wrongfulness of his conduct and the magnitude of January 6. He deeply regrets entering the Capitol grounds, trespassing, encouraging rioters, and promoting the chaos by recording it with his iPhone. Mr. Tanios knows it was wrong to be there during the riot. He apologizes to this Court. While his expression of contrition cannot change the events of January 6, as this Court knows, it is critical for defendants to acknowledge their

wrongdoing in order for all involved to move forward.  Mr. Tanios expresses his regret in the most sincere and respectful way possible and fully intends to pay his fair share of restitution so that, at the very least, the damage to federal property can be repaired.  18 U.S.C. § 3553(a)(7).

## V.  CONCLUSION

Based upon all the reasons discussed above, the applicable Federal Sentencing Guidelines, and the factors to be considered under 18 U.S.C. § 3553(a), Mr. Tanios asks this Court to consider a sentence of time served.

Respectfully submitted,

**GEORGE PIERRE TANIOS**

By Counsel

By:     /s/ L. Richard Walker
        L. Richard Walker
        DC Bar No. 473100
        Federal Public Defender Office
        230 West Pike Street; Suite 360
        Clarksburg, West Virginia 26301
        Tel: (304) 622-3823
        Fax: (304) 622-4631
        E-Mail: richard_walker@fd.org

By:     /s/ Elizabeth B. Gross
        WV State Bar No. 11567
        Federal Public Defender Office
        230 West Pike Street, Suite 360
        Clarksburg, West Virginia 26302
        Tel. (304) 622-3823
        E-Mail: Beth_gross@fd.org

## CERTIFICATION OF SERVICE

I certify that on January 23, 2023, I have filed the foregoing with the Clerk's office using the electronic filing system. A copy will be emailed to opposing counsel listed below:

**Gilead I. Light**
**&**
**Anthony F. Scarpelli**
**609 D Street, NW**
**Washington, DC 20816**
**(202) 252-6880 - Light**
**(202) 252-7707 - Scarpelli**
**gilead.light@usdoj.gov**
**anthony.scarpelli@usdoj.gov**

By:   *s/ L. Richard Walker*
      L. Richard Walker
      DC Bar No. 473100
      Attorney for Defendant
      Federal Public Defender Office
      230 West Pike Street; Suite 360
      Clarksburg, West Virginia 26301
      Tel: (304) 622-3823
      Fax: (304) 622-4631
      E-Mail: richard_walker@fd.org

By:   */s/ Elizabeth B. Gross*
      WV State Bar No. 11567
      Federal Public Defender Office
      230 West Pike Street, Suite 360
      Clarksburg, West Virginia 26302
      Tel. (304) 622-3823
      E-Mail: Beth_gross@fd.org

9